UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN RAMDATH,

                Plaintiff,

     -against-                                  1:11-CV-0395 (LEK/DRH)

SHAWNA ATHENA SEWAH; *et al.*,

                Defendants.

___

## **MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff John Ramdath ("Plaintiff") commenced this action on April 11, 2011, pressing various claims under the New York and federal Constitutions, federal civil rights statutes, and common law against a host of defendants. See Dkt. No. 1 ("Complaint"); see also Dkt. No. 50 ("Second Amended Complaint"). Now before the Court is Defendant Michael J. Terwilliger's ("Defendant") Motion for summary judgment. Dkt. No. 64 ("Motion"). For the following reasons, the Court grants Defendant's Motion and dismisses Plaintiff's claim against him.

**II.    BACKGROUND**

Defendant filed his Motion on January 23, 2013, and served it on Plaintiff at an address in Schenectady, New York. Mot.; see Dkt. No. 65. On March 1, 2013, Plaintiff filed a Letter with the Court stating that he had learned of the Motion through a telephone call to that address but had not received a copy. Dkt. No. 67. On March 6, 2013, the Court ordered Defendant to serve another copy of the Motion on Plaintiff at the Trinidad return address on Plaintiff's Letter and gave Plaintiff thirty days to file a notice of his current address and respond to the Motion. Dkt. No. 67. Defendant served the Motion to Plaintiff's Trinidad address on March 8, 2013. Dkt. No. 68. Plaintiff filed a

change-of-address Notice on June 7, 2013, identifying his address as the Schenectady address at which Defendant had previously attempted to serve him. Dkt. No. 69. However, Plaintiff did not respond to the Motion. See generally Dkt.

Because Plaintiff did not respond to Defendant's Motion, the Court accepts Defendant's Statement of material facts. Dkt. No. 64-4 ("SMF"); see L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in [a party's] Statement of Material Facts that the opposing party does not specifically controvert.").[1]

Defendant was at relevant times employed as a police officer for the Town of Niskayuna, New York. SMF ¶ 3. While on patrol on September 11, 2009, he observed a vehicle traveling on a public road without license plates conspicuously displayed on the front or rear. Id. Believing this to be a violation of New York law, Defendant turned on his lights and siren and drove up behind the vehicle to stop it. Id. ¶¶ 4-6; see N.Y. VEH. & TRAF. L. § 402(1) ("No person shall operate . . . a motor vehicle on the public highways of this state unless such vehicle shall have . . . a set of number plates . . . conspicuously displayed, one on the front and one on the rear of such vehicle . . . ."). The vehicle continued to travel for half a mile before pulling over to a stop on the side of the road. SMF ¶¶ 6, 8. Defendant then approached the driver's side on foot and requested that Plaintiff, who was alone in the vehicle, produce his driver's license and vehicle registration. Id. ¶ 8. Plaintiff provided Defendant with an expired registration and explained that he had purchased the vehicle three days prior and was in the process of registering it. Id. ¶¶ 9-10.[2]

---

[1] The Court also notes that Defendant's SMF asserts that Plaintiff's Second Amended Complaint did not allege any facts inconsistent with the SMF. SMF ¶ 17.

[2] It appears that Plaintiff did not own the vehicle. SMF ¶ 16; see also Second Am. Compl. ¶ 111 ("Plaintiff had a right of operation, however not actual ownership.").

2

Defendant located the vehicle on the New York Statewide Police Information Network ("NYSPIN") using the expired registration. Id. ¶ 10. NYSPIN indicated the vehicle was not currently registered or insured. Id. ¶ 11. Based on his observations and the information from NYSPIN, Defendant issued Plaintiff tickets for: (1) driving an uninspected vehicle, see N.Y. VEH. & TRAF. L. § 306(b); (2) driving an uninsured vehicle, see id. § 319(1); (3) driving an unregistered vehicle, see id. § 401(1); (4) driving a vehicle without license plates, see id. § 402(1); and (5) failing to stop promptly after Defendant pulled behind him with lights and siren engaged, see id. § 1102. SMF ¶¶ 12-13. Plaintiff was not taken into custody, but the vehicle was impounded and an inventory made of its contents pursuant to Niskayuna Police Department policy. Id. ¶¶ 14-15.

Based on these events, Plaintiff broadly claims "violation of the Fourth, Fifth, Eighth, and Fourteenth [A]mendment[s] to the Constitution, against Defendant Terwilliger." Second Am. Compl. ¶ 119. Plaintiff's specific allegations, however, evince only a claim under 42 U.S.C. § 1983 for unlawful seizure in violation of the Fourth Amendment as applied to New York through the Fourteenth Amendment. See, e.g., Second Am. Compl. ¶ 109 ("In this action plaintiff seeks redress for . . . actions undertaken by defendant Terwilliger in official and individual capacity. Namely seizure of a motor vehicle at first instance without warrant."); id. ¶ 117 ("Defendant, Michael J Terwilliger effectuated, 'Seizure' by calling a tow truck, and having the car impounded, for the weekend. At no time was a search or seizure warrant presented."). Even construed liberally, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Amended Complaint does not plausibly allege any other claim against Defendant. Therefore, the Court addresses Plaintiff's claim solely as one for unlawful seizure under 42 U.S.C. § 1983.

3

**III.   LEGAL STANDARD**

Federal Rules of Civil Procedure 56 instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id.  This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998).  A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

4

## IV. DISCUSSION

The Fourth Amendment protects "persons, houses, papers, and effects" against "unreasonable searches and seizures." U.S. CONST. amend. IV. Accordingly, "'the Fourth Amendment requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity.'" United States v. Wilson, 699 F.3d 235, 242 (2d Cir. 2012) (quoting United States v. Harrison, 606 F.3d 42, 45 (2d Cir. 2010)). A warrant is not required. See, e.g., Whren v. United States, 517 U.S. 806, 819 (1996). "Probable cause to make a stop exists when an officer 'has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the [suspect] has committed or is committing a crime.'" Id. (quoting United States v. Delossantos, 536 F.3d 155, 158-59 (2d Cir. 2008)).

Here, Defendant observed Plaintiff's vehicle traveling without license plates. This was a sufficient basis for Defendant to stop Plaintiff's vehicle. See United States v. Jenkins, 452 F.3d 207, 213 (2d Cir. 2006) ("[T]he stop of the SUV was valid because the officers reasonably believed that the SUV lacked license plates, which would have been a violation of [N.Y. VEH. & TRAF. L.] § 402(1)(a)." (citing Whren, 517 U.S. at 810)). Defendant then determined that Plaintiff's vehicle also was not inspected, insured, or registered, at which point it was entirely reasonable to impound the vehicle under Defendant's "community caretaking function" because it could not legally be operated on the public road where it was then located. See United States v. Barrios, No. 07 Cr. 658, 2007 WL 3256945, at *2 (S.D.N.Y. Nov. 1, 2007) ("[I]t is 'beyond challenge' that the police may impound a vehicle that is . . . 'impeding traffic or threatening public safety and convenience.'"

(quoting South Dakota v. Opperman, 428 U.S. 364, 369 (1976))).[3]

Because Defendant's initial stop of Plaintiff's vehicle was supported by probable cause and the subsequent impounding was lawful, Defendant enjoys qualified immunity to Plaintiff's claim. "A police officer is entitled to qualified immunity from liability for his discretionary actions if either (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001) (internal quotation marks and citations omitted). Under the second prong, an officer will have qualified immunity even if she had only "arguable" probable cause for her actions. Id. at 202-03; see id. at 202 ("A defendant is therefore entitled to summary judgment on qualified immunity grounds if a jury, viewing all facts in the light most favorable to the plaintiff, could conclude that officers of reasonable competence could disagree on the legality of the defendant's actions." (internal quotation marks omitted)). Here, the undisputed evidence shows that Defendant's actions were wholly within the bounds of the law.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 64) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 50) is **DISMISSED with prejudice** as to Defendant Michael J. Terwilliger; and it is further

---

[3] Plaintiff recovered his vehicle three days later upon paying an impound fee, verifying ownership, and arranging for it to be towed elsewhere. Second Am. Compl. ¶ 118.

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: August 27, 2013
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge